UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN GARRETT AND LETHA                    CIVIL ACTION
GARRETT

VERSUS                                     NO: 15-5562

AEP RIVER OPERATIONS, LLC,                 SECTION: R
*ET AL.*

## ORDER AND REASONS

Plaintiffs move the Court to remand to state court.[1]  For the following reasons, the Court grants the motion.

## I.    BACKGROUND

This dispute involves operations at a shipyard owned by AEP River Operations, LLC ("AEP").  Plaintiffs Glen Garrett and Letha Garrett own and reside on property adjacent to the shipyard.[2] They claim that in October 2014, shipyard workers began sandblasting and painting tugboats and other equipment on the premises without using protective coverings to trap over-spray and prevent the release of noxious fumes and odors.[3] Plaintiffs contend

---

[1] R. Doc. 6-1.

[2] R. Doc. 1-2 at 3.

[3] *Id.*

that paint and sandblasting residue have damaged their property.[4]   They further contend that toxic fumes from the shipyard have caused them illness and bodily injury.[5]

Plaintiffs filed suit in the 25th Judicial District Court in Plaquemines Parish on September 29, 2015.   Defendants are AEP, a foreign defendant; Stephen A. Barrios, a Louisiana citizen; John Doe, an unknown AEP sandblaster or painter; and ABC Insurance Company, an unknown insurer of AEP.[6]   According to plaintiffs, Barrios is employed by AEP as a shipyard supervisor, and he oversees the sandblasting and painting work at the facility.[7] Plaintiffs allege that defendants are liable under theories of negligence, respondent superior, and vicarious liability for bodily injury, property damage, and emotional distress sustained by plaintiffs as a result of the shipyard's operations.[8]

---

[4] *Id.* at 3, 5-6.

[5] *Id.*

[6] *Id.* at 2-3.

[7] *Id.* at 2; R. Doc. 6-1 at 7.

[8] R. Doc. 1-2 at 4-5.

On October 29, 2015, defendants removed to this Court.[9]  Although diversity jurisdiction is lacking because plaintiffs and Barrios are Louisiana citizens for purposes of jurisdiction, defendants contend that plaintiffs improperly joined Barrios because it has no arguable basis on which to state a cause of action against him.[10]  Plaintiffs now move the Court to remand, arguing that they properly joined Barrios and that because complete diversity does not exist, the Court lacks jurisdiction.[11]

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  A defendant may not remove under section 1332, however, if a non-diverse party is properly joined as a defendant.

The burden of demonstrating improper joinder is a heavy one because the doctrine is a narrow exception to the rule of complete diversity.  *See Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 580 n.8 (5th Cir. 2004) (en

---

[9] R. Doc. 1.

[10] *Id.*

[11] R. Doc. 6-1.

banc).  The party seeking removal may establish improper joinder by showing (1) actual fraud in pleading jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the nondiverse defendant.  *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 800 F.3d 143, 148 (5th Cir. 2015).  To find improper joinder because of the plaintiff's inability to state a claim against the nondiverse defendant, the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant.  *Id.* at 149 (quoting *Smallwood*, 385 F.3d at 573) (holding that the removing party must demonstrate that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant").

The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Vaillancourt*, 771 F.3d at 847.  The scope of the improper joinder inquiry is broader, however, because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his claim.  *Id.* (citation omitted).  The Court must also consider all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.  *Int'l Energy Ventures*,

800 F.3d at 151.  In addition, the Court must resolve all ambiguities of state law in favor of plaintiff.  *Id.*

## III.   DISCUSSION

The Court finds that plaintiffs have a reasonable possibility of recovery against in-state defendant Barrios.  In their complaint, plaintiffs claim that Barrios was employed as a shipyard supervisor, responsible for hiring, training, and supervising the shipyard's workers.  Plaintiffs allege that Barrios owed plaintiffs a duty to ensure that the shipyard's operations were conducted safely and would not expose plaintiffs to an unreasonable risk of harm.  They further allege that Barrios breached that duty by negligently hiring unqualified workers and permitting them to sandblast and paint equipment without protective coverings, thereby damaging plaintiffs' property and exposing them to toxic fumes.

Defendants argue that plaintiffs have no possible cause of action against Barrios under state law.  In Louisiana, courts hold an individual employee liable for bodily injury to a third party only if four distinct criteria are satisfied:

> (1) The principal or employer owes a duty of care to the third person . . . , breach of which has caused the damage for which recovery is sought.

(2) This duty is delegated by the principal or employer to the defendant.

(3) The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances. . . .

(4) . . . [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.

*Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973); *see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees.").[12]

Defendants do not dispute that AED had a duty not to harm plaintiffs through its operations. *See* La. Civ. Code art. 2315 ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to

---

[12] As the Fifth Circuit has held, *Canter* liability extends only to bodily injury, not to property damage. *Kling Realty Co., Inc. v. Chevron USA Inc.*, 575 F.3d 510, 515 (5th Cir. 2009). Thus, although plaintiffs allege emotional distress, property damage, and other injuries, the Court looks only to their allegations of bodily injury to determine whether they have a possible *Canter* claim against non-diverse defendant Barrios. *Cf. C.S. Gaidry Inc. v. Union Oil Co. of Cal.*, No. CIV.A. 09-2762, 2009 WL 2765814, at *3 (E.D. La. Aug. 27, 2009) (refusing to remand because plaintiffs, who alleged only damage to property, could not state a claim against any non-diverse employee defendant).

repair it.").  Nor do they dispute that AED delegated certain responsibilities to Barrios as an AED employee.  Rather, defendants argue that, contrary to plaintiffs' assertion, Barrios was not a shipyard supervisor; he was an administrations manager, who performed financial, accounting, and administrative functions at AEP.  According to defendants, Barrios was not responsible for the shipyard's daily operations, and he cannot be liable to plaintiffs because he neither participated in, nor oversaw, the sandblasting and painting that allegedly injured plaintiffs.  In addition, defendants argue that even if Barrios had been responsible for overseeing the shipyard's operations, he did not owe a personal duty to plaintiffs because his duties were administrative in nature.  The Court addresses each argument in turn.

As to the claim that Barrios was not responsible for sandblasting and painting, the record reveals a genuine factual dispute.  To support their claim that Barrios was a purely administrative employee, defendants submit a sworn declaration from Barrios.[13]  Barrios states that, at all relevant times, his title at AEP was "Administrations Manager" and that he had no responsibility for "actual compliance and day to day operation of the shipyard, including those functions directly relative to sandblasting and painting."[14]  Barrios also states

---

[13] R. Doc. 11-1

[14] *Id.* at 1.

7

that "[a]s Administrations Manager, I did not hire or train personnel performing sandblasting/painting, including the implementation of protective measures during these activities."[15]

Plaintiffs contend that regardless of his title, Barrios directly oversaw the shipyard's daily operations. In support, plaintiffs submit a February 25, 2015 email exchange between Barrios and an official for the Louisiana Department of Environmental Quality ("DEQ").[16] Following up on an application filed by AEP, the DEQ official sought clarification of the scope of Barrios's duties. The official asked Barrios whether his position "at AEP carr[ies] responsibility for OVERALL operations of the AEP facilities, including, but not limited to, start up, shut down, operations, purchase of material and equipment, budgeting, hiring, firing, and other activities involved in the day to day operation of the facility."[17] Barrios responded that it did. Plaintiffs submit other DEQ-related evidence as well. An "Abrasive Blasting Inspection Checklist" filed by AEP, for example, describes the shipyard's sandblasting practices and performance standards and lists Barrios as the "responsible official."[18] Similarly, a DEQ

---

[15] Id. at 2.

[16] R. Doc. 6-3.

[17] *Id.*

[18] R. Doc. 6-4.

incident report, dated May 15, 2015, indicates that Barrios discussed AEP's operational practices with DEQ officials who were investigating the shipyard-- apparently in response to plaintiffs' complaints.[19] According to the report, "the facility rep, Mr. Steve Barrios, explained their [best management practices] for blasting/painting and provided a tour of the facility."[20]

While plaintiffs' submissions do not conclusively determine that Barrios directly supervised AEP's sandblasters and painters, they suffice to create a factual dispute that goes to the merits of plaintiffs' claims.  At this stage of proceedings, the Court's "should not conduct a full evidentiary hearing" to test the merits of those claims.  *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).  Thus, the Court cannot accept defendants' contention that Barrios had no control over the shipyard practices that allegedly caused plaintiffs' injuries.

Defendants' second argument is that even if Barrios had supervisory authority over the shipyard's operations, he did not have a personal duty to plaintiffs.  Defendants contend that under the facts alleged by plaintiffs, Barrios's responsibility for sandblasting and painting was more like that of a general administrator.  In *Canter*, the Louisiana Supreme Court noted that an

---

[19] R. Doc. 6-5.

[20] *Id.* at 2.

9

employee could not be personally liable "simply because of his general administrative responsibility for performance of some function of employment." *Canter*, 283 So. 2d at 721. Instead, the employee must have had "a personal duty towards the plaintiff." *Id.* If the employee delegated his responsibility to a subordinate, the employee "is not personally at fault and liable for the negligent performance of this responsibility *unless he personally knows* or should know of its non-performance and mal-performance and has nevertheless failed to cure the harm." *Id.* (emphasis added).

Here, plaintiffs allege that Barrios had personal knowledge that the shipyard's painters and sandblasters failed to use protective coverings, thereby subjecting plaintiffs to an unreasonable risk of physical harm. They further allege that Barrios failed to remedy the situation, even after plaintiffs lodged complaints with defendants, including Barrios, and the Louisiana DEQ. Defendants do not contest plaintiffs' allegations that Barrios was aware of the shipyard's operational practices and plaintiffs' complaints. Thus, even if Barrios's alleged responsibility for sandblasting and painting was delegated to others, and he acted as an administrator, he could still be liable for plaintiffs' injuries if he had personal knowledge of the danger and failed to cure the risk of harm. *Compare Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) (noting that a supervisor's knowledge of a risk of harm and failure to respond to the

10

risk could create personal liability under *Canter*); *and Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992) (finding that an employee's alleged personal knowledge of a dangerous pipeline could give rise to a personal duty under *Canter*); *with Gautreau v. Lowe's Home Ctr.*, Inc., No. CIV.A. 12-630-JJB, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012) (finding that plaintiffs could not state a cause of action against store manager because plaintiff alleged no facts indicating the manager "actively contributed to or had any personal knowledge of a harmful condition" in the display that caused plaintiff's injury)

For this reason, defendants' reliance on *Harrod v. Zenon*, No. CIV.A. 03-1088, 2003 WL 21748687, at *3 (E.D. La. July 25, 2003), and similar cases is misplaced. In *Harrod*, a plaintiff who slipped and fell on spilled gasoline at a service station sued the service station's manager. *Id.* at *1. The court rejected plaintiff's argument that the manager caused plaintiff's injuries through personal fault because the manager did not spill the gasoline, left the service station before the spill occurred, and was not at the service station when plaintiff fell. *Id.* at *3 (noting that "managers cannot reasonably be expected to predict the future, much less have any personal knowledge as to what the exact conditions of their businesses are three hours after they have gone home"). Therefore, to hold the defendant-employee liable in that

scenario would effectively hold her liable simply because of her position as station manager. *Id.* Other cases cited by defendants involve similar fact patterns. *See, e.g.*, *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995) (rejecting plaintiff's attempt "impose liability on Alred for breaches of his general administrative duties as store manager").

Here, by contrast, plaintiffs do not seek to hold Barrios liable simply because of his position at AEP. Rather, plaintiffs allege that Barrios had personal knowledge of the hazards that AEP's operations posed to plaintiffs and failed to remedy the danger. In light of his alleged duties and personal knowledge, that Barrios did not personally perform the sandblasting and painting does not necessarily mean that he was not at fault or that he did not have a duty to plaintiffs. Accordingly, the Court finds that plaintiffs have plausibly alleged state law causes of action against Barrios. Barrios is therefore a properly joined defendant, and this Court lacks jurisdiction to adjudicate plaintiffs' state law claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand.


New Orleans, Louisiana, this <u>14th</u> day of March, 2016.


_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE